PEOPLE, PLAINTIFF AND APPELLEE, *v.* BALZAC, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Libel.

No. 1416.—Decided March 4, 1920.

LIBEL — CONTINUANCE — EVIDENCE. — When after several continuances at the in-
stance of the defendant he asks by telegraph a short time before the day last set for the trial that certain witnesses be subpoenaed, the court does not err in overruling a new motion for a continuance on the ground that said witnesses had not been duly subpoenaed, particularly when it is not shown that the evidence to be given by the said witnesses is important.

ID.—JURY—TRIAL—FELONY—MISDEMEANOR.—That part of the Sixth Amendment to the Constitution of the United States that gives a defendant in any criminal case the right to a trial by jury is not applicable to Porto Rico and under the Code of Criminal Procedure a defendant is entitled to a jury trial only in case of felony.

ID.—IDENTIFICATION—EVIDENCE.—The testimony of a witness given without objection, tending to show that the defendant, whom he identified, was the editor of the newspaper in which the libelous matter was published, is sufficient proof of that fact.

The facts are stated in the opinion.

*Messrs. J. de J. Tizol, A. Peña* and *J. Soto Rivera* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There are five assignments of error in this appeal.

A motion for a continuance of the trial was presented on the ground that certain witnesses for the defense were not summoned. On motions of the defendant the trial was sus-

pended four times. The case was finally set for July 29, 1918. At the last moment, on July 26th, the 27th and 28th being Saturday and Sunday respectively, the defendant asked by telegraph that certain witnesses, who were not duly summoned and did not appear, should be summoned. The practice followed by the defendant is not authorized by the law and his neglect in leaving the matter for the last moment is clear. Moreover, the motion for the continuance of the trial shows the material testimony which the witnesses who did not appear would give, and we think, granting that all their statements are true, that they do not justify the defendant's position.

In the second assignment of error the appellant maintains that he was entitled to a jury trial. The offense is a misdemeanor. As we understand the decisions of the Supreme Court of the United States in the cases of *People of Porto Rico et al.* v. *Carlos Tapia* and *People of Porto Rico et al.* v. *José Muratti*, 245 U. S. 639, that part of the 6th amendment to the Constitution of the United States giving a defendant in all criminal cases a right to a trial by jury is not applicable to Porto Rico. Under the Code of Criminal Procedure a defendant is only entitled to a jury trial in case of felony.

The third assignment of error maintains that the information did not charge a crime under sections 243 and 244 of the Penal Code. Section 243 is as follows:

"A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt or ridicule."

The article transcribed in the information in this case is so violent in its invective that we do not see fit to reproduce it for the purposes of our records. Not only did a simple reading of it show that the Governor of Porto Rico

was the subject of attack, but that in half a dozen or more places of the article there were phrases that, if true, would necessarily expose Arthur Yager to public hatred, contempt or ridicule. Moreover, several witnesses testified at the trial that they had read the article and would necessarily understand it as subjecting the Governor to such public hatred, contempt or ridicule.

The fourth and fifth assignments of error may be treated together. In substance, the appellant maintains that the proof did not show that Balzac was the editor of the newspaper in which the libelous article appeared or that he had anything to do with the publication. The appellant says that proof presented by The People of Porto Rico was a newspaper wherein it appeared that Balzac was the editor. Objection was made to the admission of this paper, it is true, but before it was admitted a witness had been allowed to state, without objection, that the defendant, whom he identified, was the editor of the said paper, and the very proof of the defendant tended to corroborate the testimony of the government that the defendant and appellant was responsible for the publication.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.